IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| FREEMAN BROOKS, Institutional ID No. 02538-180, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:24-CV-00009-C |
| WARDEN BENNET, et al., | § § § § | |
| Defendants. | § | |

**ORDER ACCEPTING REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation (FCR) in this case. No objections were filed, and the time to do so has passed.[1] The District Court independently examined the record and reviewed the findings, conclusions, and recommendation for plain error. Finding none, the Court accepts and adopts the findings, conclusions, and recommendation of the United States Magistrate Judge.

The Court therefore orders that Plaintiff's complaint and all claims alleged within it are dismissed with prejudice as frivolous and for failure to state claim.[2] All relief not expressly granted, and any pending motions are denied.

---

[1] After entry of the FCR, Plaintiff filed a supplemental response to the Magistrate Judge's questionnaire dated March 20, 2024, which cannot be construed as objections to the FCR entered on March 29, 2024. *See* Doc. 21. In any event, the Court finds that the contents of the supplemental response fail to cure the defects in his claims. Then on April 15, 2024, the Clerk received a motion dated April 8, 2024, requesting an additional 30 days to obtain information from the public defender's office—apparently in support of his claims and possibly to address the FCR. *See* Doc. 22. The Court did not rule on Plaintiff's motion for additional time, but Plaintiff has not communicated with the Court in any way since filing the motion more than seven months ago.

[2] Generally, "a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). However, Plaintiff was afforded the opportunity to amend his complaint and cure any defects in his claims against the defendants by his response to the Court's questionnaire.

This dismissal will count as a qualifying dismissal—or strike—under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996). *See also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020). **Plaintiff is cautioned that if he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.** *See* **28 U.S.C. § 1915(g).**

Dismissal of this action does not release Plaintiff from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

Plaintiff is advised that if he appeals this order, he will be required to pay the appeal fee of $605.00 pursuant to the PLRA.[3] He must also submit an application to proceed *in forma pauperis* and a 6-month certificate of inmate trust account at the same time he files his notice of appeal.

SO ORDERED.

Dated December 9, 2024.

SAM R. CUMMINGS
Senior United States District Judge

---

Doc. 17. Additionally, the FCR notified Plaintiff of the defects in his complaint, and he had an opportunity to amend his complaint through timely objections to the FCR, but he failed to do so. The Court is not required to grant further leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* For the reasons outlined in the FCR, Plaintiff's claims against the defendants are fatally infirm. Thus, dismissal with prejudice is appropriate.

[3] Prison Litigation Reform Act of 1995.

2